**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MARGE ALDEN d/b/a Croix Management Company, | Civil No. 06-954 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED MAY 22, 2007** |
| MID-MESABI ASSOCIATES LIMITED PARTNERSHIP, THE LOCKWOOD GROUP, and JOSEPH A. SHEPARD, | |
| Defendants. | |

Fred A. Reiter, **FRED A. REITER & ASSOCIATES**, 3109 Hennepin Avenue South, Minneapolis, MN 55408, for plaintiff.

Charles J. Schoenwetter, Bard D. Borkon, and Roseann J. Bour, **BOWMAN AND BROOKE LLP**, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for defendants.

This matter is before the Court on plaintiff Marge Alden's appeal of the Order of United States Magistrate Judge Raymond L. Erickson dated May 22, 2007. For the reasons discussed below, the Court affirms the Order.

**BACKGROUND**

In July 1998, Alden contracted with defendants to provide property management services at the Mesabi Woods Apartments, an apartment complex owned by defendants. Alden alleges that defendants refused to pay her for her property management services and failed to reimburse her for additional costs and expenses. Alden brought this action

against defendants for breach of contract, account stated, and unjust enrichment. During pre-trial litigation, defendants filed motions to compel discovery and for sanctions. Plaintiffs produced some, but apparently not all, of the requested discovery following multiple discovery hearings.

At an April 16, 2007 hearing, the Magistrate Judge directed defendants to submit a list of outstanding discovery, as well as any arguments in support of their motions to compel and for sanctions, in a supplemental brief to the Court. The Magistrate Judge further directed Alden to file a responsive brief in support of her position and provided defendants an opportunity to reply to Alden's response. On April 30, 2007, defendants filed a list of outstanding discovery. Defendants' brief did not present legal arguments in support of its pending motions, however. Alden's responsive brief generally challenged the discovery sought by defendants. Defendants then filed a reply brief, which presented additional argument in support of its motions to compel and for sanctions.

Alden requested permission to file a sur-reply. Alden argued that she was deprived of an opportunity to challenge defendants' legal arguments because defendants merely listed outstanding discovery in its supplemental brief, and withheld argument on the merits until it filed a reply brief. The Magistrate Judge denied Alden's request, and Alden now appeals.

**ANALYSIS**

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court will reverse the order only if it is

clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). Alden argues that defendants violated the Magistrate Judge's instructions from the April 16, 2007 hearing because their supplemental brief merely listed outstanding discovery and did not include argument supporting their motions.  Alden further argues that defendants' briefing strategy deprived her of an opportunity to respond effectively to defendants' arguments and thus violates her right under Rule 1 of the Federal Rules of Civil Procedure to a "just . . . determination" of every action.

A magistrate judge has broad discretion to supervise the discovery matters before him.  *See McGowan v. General Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986).  In this instance, the Magistrate Judge exercised that discretion by requesting a list of outstanding discovery, as well as any supporting argument, and by denying Alden's subsequent request to file a sur-reply.  The Court is not convinced that defendants failed to abide by the Magistrate Judge's instructions by submitting a list of outstanding discovery, much less that the Magistrate Judge erred by finding that defendants' brief complied with his own instructions.  The Court further finds that the Magistrate Judge's order denying plaintiff's request to file a sur-reply does not deprive Alden of a just determination of her action under Rule 1.  Indeed, defendants' requests for discovery have necessitated multiple hearings before the Magistrate Judge and have afforded Alden ample opportunity to challenge defendants' motion to compel.  Alden chose as a tactical matter to limit her responsive brief to the list of outstanding discovery submitted by defendants.  The Court finds that the Magistrate Judge's decision denying Alden's

request to file a sur-reply does not violate the Federal Rules and is not clearly erroneous. The Court therefore affirms the Magistrate Judge's Order.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's May 22, 2007 Order denying plaintiff's request to file an additional responsive brief [Docket No. 157] is **AFFIRMED**.

DATED: July 10, 2007                         s/ John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                             United States District Judge