UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MARGE ALDEN d/b/a Croix Management Company, | Civil No. 06-954 (JRT/RLE) |
| Plaintiff, | |
| v. | |
| MID-MESABI ASSOCIATES LIMITED PARTNERSHIP, THE LOCKWOOD GROUP, LLP, and JOSEPH A. SHEPARD, | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS** |
| Defendants. | |

Fred A. Reiter, **FRED A. REITER & ASSOCIATES**, 3109 Hennepin Avenue South, Minneapolis, MN 55408, for plaintiff.

Charles J. Schoenwetter, Bard D. Borkon, and Roseann J. Bour, **BOWMAN AND BROOKE LLP**, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for defendants.

On January 2, 2008, United States Magistrate Judge Raymond L. Erickson issued an order granting defendants' motion to compel discovery, including production of written communications between plaintiff and the United States Department of Agriculture ("USDA").  Both plaintiff and defendants requested reconsideration of the January 2, 2008 order, seeking clarification as to the scope of that ruling.  The Magistrate Judge subsequently issued an order dated February 25, 2008, granting defendants' request for reconsideration, denying plaintiff's request for reconsideration, and granting defendants' motion for sanctions against plaintiff in the amount of $29,138.  Before the

Court are plaintiff's objections to both the January 2, 2008 order and the February 25, 2008 order. For the reasons explained below, the Court overrules plaintiff's objections and affirms the orders of the Magistrate Judge.

## BACKGROUND[1]

Plaintiff Marge Alden contracted with Mid-Mesabi Associates Limited Partnership, The Lockwood Group, LLP, and Joseph Sherwood ("defendants") to provide property management services at the Mesabi Woods Apartments, a residential housing complex owned by defendants and located in Eveleth, Minnesota. Plaintiff brought this diversity action against defendants for breach of contract, account stated, and unjust enrichment, alleging that defendants refused to pay her for property management services and failed to reimburse her for additional costs and expenses incurred during her management of Mesabi Woods between July 1998 and August 2000. Defendants asserted counterclaims including breach of contract, negligence, fraud/negligent misrepresentation, and a claim for equitable accounting.

The parties have been mired in a series of protracted discovery disputes throughout the course of pre-trial litigation, much of which has resulted from plaintiff's ongoing refusal to produce requested discovery. The Magistrate Judge has granted no fewer than three motions to compel plaintiff's production of relevant documents. In the first such order, dated October 20, 2006, the Magistrate Judge noted that he was

---

[1] The detailed procedural history of this case is set forth in the prior orders of the Magistrate Judge, and is reproduced here to the extent necessary to resolve plaintiff's objections.

"astounded" that documents had not yet been produced by plaintiff, and stated that sanctions would be imposed if it was determined that plaintiff was withholding responsive documents from discovery.

The Magistrate Judge granted a second motion to compel on August 31, 2007, finding that plaintiff's refusal to provide discovery was substantially impeding progress in the case. The Magistrate Judge noted, for example, that plaintiff stated she had not provided any deposition testimony in the last ten years, but that defendants later discovered several cases in which plaintiff had in fact given deposition testimony. Plaintiff continued to deny that she had provided deposition testimony until defendants' counsel confronted her with partial transcripts of her own testimony. Plaintiff also stated in an affidavit that she had been required to pay $367.69 in connection with an audit by the USDA, but later stated that in fact she had been required to pay $17,235. Based on this and other conduct, the Magistrate Judge granted defendants' motion for sanctions, with the amount of sanctions to be determined at a later date.

On January 2, 2008, the Magistrate Judge issued a Minute Order granting defendants' third motion to compel discovery, which sought, in part, the discovery of written communications between plaintiff and the USDA regarding ongoing disputes related to plaintiff's management of two USDA-subsidized apartment projects. The Magistrate Judge rejected plaintiff's argument that the documents were protected by the "mediation privilege" under Minnesota Statute § 595.02, subd. 1(l), and ordered plaintiff to produce any relevant communications between plaintiff and the USDA. The Magistrate Judge further ordered plaintiff to produce a privilege log along with any

objections to defendants' discovery requests, stating plaintiff's grounds for the asserted privilege.

Plaintiff filed objections to the January 2, 2008 order. Plaintiff characterized the Magistrate Judge's order as having determined that a mediation in fact occurred between plaintiff and the USDA. Plaintiff then argued that the Magistrate Judge erroneously concluded that the requested communications were not protected under the "mediation privilege" set forth in Minn. Stat. § 595.02, subd. 1(l). Plaintiff also objected to the Magistrate Judge's order that she produce a privilege log for claims of privilege. These objections are now before the Court.

The parties also requested reconsideration of the Magistrate Judge's order. Defendants requested clarification of the scope of the privilege log to ensure that the log encompasses all documents in this action for which the plaintiff claims privilege. Plaintiff requested reconsideration of the Magistrate Judge's determination that the communications between plaintiff and the USDA were not protected by a "mediation privilege" and were thus discoverable.

In an order dated February 25, 2008, the Magistrate Judge granted defendants' motion for reconsideration in part,[2] finding that the required privilege log should encompass all documents that the plaintiff claims are privileged in this litigation. The Magistrate Judge denied plaintiff's request for reconsideration, rejecting plaintiff's

---

[2] The Magistrate Judge denied defendants' motion to the extent it sought an award of attorney's fees associated with their third motion to compel, finding that plaintiff's mediation privilege argument was not entirely frivolous.

characterization of the communications between plaintiff and the USDA as a "mediation."[3]  The Magistrate Judge further determined that, even if these communications were part of a mediation, they were not protected by a "mediation privilege" under Minn. Stat. § 595.02, subd. 1(l).  Finally, the Magistrate Judge awarded defendants' motion for sanctions in the amount of $29,138.

Plaintiff has now filed objections to the Magistrate Judge's February 25, 2008 order, arguing that the amount of sanctions awarded by the Magistrate Judge is excessive, and further arguing that the Magistrate Judge erred in requiring the plaintiff to produce a privilege log with respect to all claims of privilege.  The Court now turns to plaintiff's two sets of objections.

## ANALYSIS

### I.  STANDARD OF REVIEW

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court will reverse the order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

---

[3] Defendants filed a "prophylactic objection" to the Magistrate Judge's January 2, 2008 order, to the extent plaintiff characterized the order as establishing that a mediation took place between plaintiff and the USDA.  Because the Magistrate Judge's February 25, 2008 order clarifies that it did not determine that any such mediation in fact took place, defendants' objections are moot and are therefore overruled.

## II.   OBJECTIONS TO THE JANUARY 2, 2008 ORDER

Plaintiff argues that the Magistrate Judge's interpretation of Minn. Stat. § 595.02, subd. 1(l) improperly limited the "mediation privilege" to the *testimony* of a mediator regarding mediation negotiations. Plaintiff contends that because the written communications between plaintiff and the USDA constitute part of a mediation, the January 2, 2008 order requiring her to produce privileged mediation documents violates Minn. Stat. § 595.02, subd. 1(l). However, the Magistrate Judge made clear in the February 25, 2008 order that he did not determine that the communications between plaintiff and the USDA were part of a mediation. The Magistrate Judge determined that without the relevant documents, he had no factual basis to make such a finding. Plaintiff has not challenged that determination, and has set forth no factual basis that would allow this Court to conclude that the communications between plaintiff and the USDA were part of a mediation. Accordingly, plaintiff has not demonstrated that the Magistrate Judge's decision to compel disclosure of non-privileged, relevant documents was clearly erroneous or contrary to law.

Even if the Magistrate Judge had determined that communications between plaintiff and the USDA were part of a mediation, however, the Court is not persuaded that the Magistrate Judge's order compelling disclosure of such communications under Minn. Stat. § 595.02, subd. 1(l), would be clearly erroneous. The statute at issue here concerns permissible witness testimony in judicial and administrative proceedings, and provides generally that "[e]very person of sufficient understanding, including a party, may testify in any action or proceeding." Minn. Stat. § 595.02, subd. 1. The statute then

sets forth a list of exceptions to this rule.[4]  Section 595.02, subd. 1(l) states an exception for the testimony of mediators, and provides that "[a] person cannot be examined as to any communication or document, including worknotes, made or used in the course of or because of mediation pursuant to an agreement to mediate."

However, the statute goes on to state that "[a] communication or document otherwise not privileged does not become privileged because of this paragraph."  Minn. Stat. § 595.02, subd. 1(l).  Thus, while the plain language of the statute clearly limits the *testimony* of persons involved in mediations, it unequivocally states that unprivileged communications and documents related to the mediation do not become privileged by operation of § 595.02, subd. (1)(l).  *Cf. Christian Builders, Inc. v. Cincinnati Ins. Co.*, 501 F. Supp. 2d 1224, 1229 n.5 (D. Minn. 2007) (construing a related alternative dispute resolution privilege under § 595.02, subd. 1(a), to preclude testimony or affidavits by a mediator, but not other admissible evidence of communications regarding those mediations).  Plaintiff's argument that § 595.02, subd. (1)(l) creates a privilege as to otherwise non-privileged communications and documents related to the mediation is directly contradicted by the statute's plain language.  *See Boatwright v. Budak*, 625 N.W.2d 483, 487 (Minn. Ct. App. 2001) (noting that where the plain language of a statute is unambiguous, that language is conclusive); *see also Larson v. Montpetit*, 147 N.W.2d 580, 586 (Minn. 1966) (stating that "evidentiary privileges constitute barriers to the ascertainment of truth and are therefore to be disfavored and narrowly limited to their

---

[4] For example, the statute prohibits attorneys, members of the clergy, and physicians from testifying in court as to privileged communications with a client, party, or patient. Minn. Stat. § 595.02, subds. 1(b), (c), (d).

purposes"). Accordingly, the Court finds that the Magistrate Judge's construction of the mediation privilege was neither clearly erroneous nor contrary to law. The Court therefore overrules plaintiff's objections and affirms the Magistrate Judge's January 2, 2008 order.

### III.    OBJECTIONS TO THE FEBRUARY 25, 2008 ORDER

Plaintiff also objects to two aspects of the Magistrate Judge's February 25, 2008 order, which denied plaintiff's motion for reconsideration of the January 2008 order and granted sanctions against plaintiff. Plaintiff first objects to the Magistrate Judge's determination that plaintiff must produce a privilege log explaining plaintiff's basis for refusing to produce requested discovery.[5] A magistrate judge has broad discretion to supervise the discovery matters before him. *See McGowan v. General Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986). Here, the Magistrate Judge determined that a privilege log was necessary because plaintiff has repeatedly refused to provide discovery based on unsubstantiated and conclusory assertions of privilege.

Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure requires a party asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Plaintiff cites *Shelton v. American Motors Corp.* to argue that supplying a privilege log

---

[5] Plaintiff raised a similar objection to the Magistrate Judge's January 2, 2008 order, which the Court addresses here.

will force plaintiff to reveal mental impressions and legal theories protected under the attorney "work product" doctrine.  *See* 805 F.2d 1323, 1328 (8th Cir. 1986).  As the Magistrate Judge correctly determined, however, *Shelton* involved the scope of permissible testimony by an opposing counsel during a pending case.  The court in *Shelton* determined that the deposition of counsel as to discovery-related issues was not permitted where the counsel's selective recollection of certain documents could reveal which documents were "significant and important with respect to her legal theories."  *Id.* ("This case does *not* involve [defendant]'s refusal to produce the documents inquired about by plaintiff's counsel.") (emphasis added); *see also Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) ("The *Shelton* test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy.").  No effort has been made here to depose plaintiff's counsel, and nothing in *Shelton* relieves plaintiff of the obligation to describe withheld documents so that defendant can assess the applicability of the privilege.  The Court therefore overrules plaintiff's objections on this basis.

Finally, plaintiff objects to the Magistrate Judge's award of sanctions in the amount of $29,138.  In an order dated August 31, 2007, the Magistrate Judge found that plaintiff had committed significant discovery abuses warranting sanctions, and directed the parties to submit briefing as to the appropriate amount of sanctions.  Plaintiff did not object to that order, and the Court agrees that an award of sanctions in this case is appropriate.  The Court notes in particular that plaintiff's ongoing refusal to cooperate with discovery requests has resulted in no fewer than three motions to compel discovery,

each of which has been granted by the Magistrate Judge, and has caused significant delay in these proceedings.

Plaintiff does argue, however, that the Magistrate Judge's award of $29,138 in attorney's fees as a sanction is greater than necessary to punish and deter plaintiff. Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure allows the Court to order a party that fails to comply with discovery orders to pay "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Magistrate Judge enjoys considerable discretion in choosing appropriate sanctions. *See Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). When awarding attorney's fees, the Court multiplies "the number of hours reasonably expended by the reasonable hourly rates." *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

Here, defendants sought attorney's fees in the amount of $99,431.[6] In determining the number of hours reasonably expended by defense counsel, the Magistrate Judge carefully reviewed defense counsel's billings and the content of their time entries. The Magistrate Judge deducted the hours claimed by defendants that related to their own discovery efforts, and deducted additional hours to adjust for the overlapping efforts of

---

[6] Defendants also asked the Magistrate Judge to dismiss plaintiff's complaint in its entirety, or to bar plaintiff from testifying in subsequent proceedings, as a sanction for the discovery abuses in this case. The Magistrate Judge determined that plaintiff's discovery abuses, though substantial, were not so egregious as to warrant such a sanction.

the two defense attorneys, arriving at a total of 171.4 hours reasonably expended as a result of plaintiff's discovery abuses.  With respect to the hourly rate, the Magistrate Judge noted that an associate working on the case billed her time at a rate of $170.00 per hour, while a partner on the case billed at $270.00 per hour.  The Magistrate Judge concluded that, given the routine nature of the issues involved, an hourly rate of $170.00 was reasonable under the circumstances.  Multiplying the number of hours (171.4) by a reasonable hourly rate ($170.00), the Magistrate Judge arrived at a total award of $29,138.00.

Plaintiff argues that the amount of sanctions imposed by the Magistrate Judge is greater than necessary to ensure compliance with her discovery obligations.  While the award of attorney's fees is substantial, the Court agrees with the Magistrate Judge that the sanction is merited in light of the plaintiff's repeated failure to comply with discovery orders.  Indeed, it is plaintiff's own refusals that have resulted in a large number of hours expended by defense counsel on these matters, and which in turn result in the total amount of attorney's fees awarded.  The Court finds that the Magistrate Judge carefully considered the number of hours expended by defense counsel with respect to plaintiff's discovery abuses, and applied a reasonable hourly rate in arriving at a total award.  As such, the Magistrate Judge's calculation of an appropriate award of attorney's fees was neither clearly erroneous nor contrary to law.

For these reasons, the Court overrules plaintiff's objections and affirms the Magistrate Judge's order dated February 25, 2008.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** plaintiff's objections [Docket No. 248] and **AFFIRMS** the Magistrate Judge's Minute Order dated January 2, 2008 [Docket No. 239].

2. The Court **OVERRULES** plaintiff's objections [Docket No. 269] and **AFFIRMS** the Magistrate Judge's Order dated February 25, 2008 [Docket No. 265].

3. The Court **OVERRULES** defendant's prophylactic objections [Docket No. 253] to the Magistrate Judge's January 2, 2008 Order **as moot**.


DATED: July 21, 2008            s/ John R. Tunheim
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                    United States District Judge